**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Norton, <br><br>    Plaintiff, <br><br>v. <br><br>99 Cents Only Stores LLC, et al., <br><br>    Defendants. | No. CV-21-01796-PHX-GMS <br><br>**ORDER** |

  Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 36). For the reasons detailed below, Defendant's Motion is granted in part and denied in part.

**BACKGROUND**

  On February 4, 2020, Amanda Norton and her young son ("Plaintiffs") were shopping in one of 99 Cents Only Stores LLC's ("Defendant") Phoenix locations. (Doc. 37-1 at 5). At the time, Amanda was carrying her son, and was accompanied by her partner, William Garrison, and her four-year-old daughter. (*Id.* at 13–14). While preparing to leave, Plaintiff turned to pick up baby wipes and fell with her son in her arms. (*Id.* at 16; 39-1 at 3). Both Plaintiffs were injured in the fall. (*Id.* at 5).

  The following facts are in dispute and are alleged by the Plaintiff. Plaintiff alleges that the floor where she fell was caused by a liquid or substances that had been spilled on the floor. (*Id.* at 5). Amanda did not see anything on the ground before she fell. (*Id.* at 5; Doc. 39-1 at 8). After falling, Amanda alleges employees rushed to assist her and poured

cat litter on the substance. (Doc. 39-1 at 5–6).

On October 25, 2021, Defendant removed this case to federal court. (Doc. 1). Plaintiffs allege three counts: Negligence (Count I), Premises Liability (Count II), and Negligent Hiring, Training and/or Supervision (Count III). On December 15, 2022, Defendant moved for summary judgment. (Doc. 36).

## DISCUSSION

### I. Legal Standard

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

### II. Analysis

#### A. Premises Liability

Under Arizona law, premises liability resulting from the injury of an invitee requires proof that (1) the dangerous condition was caused by the owner, (2) the owner had actual

knowledge or notice of the dangerous condition, or (3) the dangerous condition existed long enough that a reasonable owner should have known about it. *Walker v. Montgomery Ward & Co., Inc.*, 20 Ariz. App. 255, 258, 511 P.2d 699, 702 (Ariz. Ct. App. 1973).

Viewing the evidence in the light most favorable to the Plaintiffs, Defendant's Motion of Summary Judgment as to premises liability is denied. Defendant presents evidence that an hourly inspection occurred at 12:51 PM, immediately followed by Plaintiffs' fall at 12:55 PM. (Doc. 37-1 at 36, 46). Plaintiffs claim causation can be inferred from Amanda's testimony that there were no warning signs and the slippery condition was not properly cleaned. (Doc. 39 at 4; Doc. 39-1 at 12). On such facts, a reasonable juror could determine that the slippery condition was discovered during the inspection and that the floor was either not timely remediated or was improperly cleaned and left slippery at 12:51 PM with no warning provided.

Granting Defendant's Motion would require this Court to supplant the jury's duty to make factual determinations. Thus, the Court denies Defendant's Motion for Summary Judgment as to premises liability.

### B. Damages

Defendant also seeks summary judgment on the issue of damages based on Plaintiffs' sole disclosure under Rule 26(a)(2)(B). (Doc. 36 at 6). The Federal Rules of Civil Procedure impose different disclosure requirements based on the type of witness. Fed. R. Civ. P. 26(a)(1)–(2). Non-expert, fact witnesses are disclosed under Rule 26(a)(1). By comparison, expert testimony is disclosed under Rule 26(a)(2) and may require an additional written report. Fed. R. Civ. P. 26(a)(2)(B). "[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Such treating physicians must still make disclosure Rule 26(a)(2)(C). *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739–40 (9th Cir. 2021) ("Nonetheless, disclosures of non-retained, treating physicians must include '(i) the subject matter on which the witness is expected to present evidence under Federal

1   Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which
2   the witness is expected to testify.'") (citing Fed. R. Civ. P. 26(a)(2)(C)).  Improperly
3   disclosed expert evidence, including that under Rule 26(a)(2)(C), may be excluded unless
4   non-disclosure was "substantially justified or harmless." *Id.* at 740.

5   Defendant seeks summary judgment based on Plaintiffs' inability to prove damages
6   due to improper disclosure of Plaintiffs' treating physicians as expert witnesses.  (Doc. 36
7   at 6–7).  Defendant does not argue that physician's treating records have been provided in
8   discovery; nor could Defendant assert that treating physicians cannot testify within certain
9   parameters as to their treatment.  Yet, the Defendant has not provided this Court with
10  sufficient facts to determine that the disclosed records of Plaintiff's treating physicians are
11  insufficient to establish any of Plaintiff's damages, or that the failure to disclose was not
12  substantially justified or harmless.  As such, this Court denies Defendant's Motion for
13  Summary Judgment on this basis.

### C. Negligent Hiring

15  Finally, Defendant seeks summary judgment on Plaintiffs' negligent hiring and
16  training charge.  "For an employer to be held liable for negligent supervision under Arizona
17  law, a plaintiff must demonstrate (1) that the employer knew or should have known that
18  the employee was not competent to perform the assigned task and (2) that the employer's
19  failure to supervise the employee caused the plaintiff's injury."  *Charley v. United*
20  *States*, 437 F. Supp. 3d 745, 750 (D. Ariz. 2020) (quoting *Sloan v. United States*,
21  No. CV-16-08059-PCT-DGC, 2016 WL 3548766, at *2 (D. Ariz. June 30, 2016)).

22  Plaintiffs' evidence for negligent hiring is effectively the fact that the injury
23  occurred in the first place.  (Doc. 38 at 10–11).  Plaintiffs do not even name the specific
24  employees on whose negligent performance their claim must be based.  (Doc. 37-1 at 8–9;
25  Doc. 38 at 10–11).  Plausible allegations alone are sufficient to survive a motion to dismiss,
26  *Charley*, 437 F. Supp. 3d at 750–51, they are not sufficient to avoid summary judgment.
27  Accordingly, Defendant's Motion for Summary Judgment is granted as to Plaintiffs'
28  negligent hiring claim.

# CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 36) is **GRANTED in part** and **DENIED in part**. It is granted as to Count III. The Motion is denied on all other grounds.

Dated this 8th day of December, 2023.

G. Murray Snow
Chief United States District Judge